**BRADY LAW, CHARTERED**
**Michael G. Brady, ISB #1293**
**Oscar S. Klaas, ISB #7946**
**St. Mary's Crossing**
**2537 W. State Street, Suite 200**
**Boise, ID 83702**

**TELEPHONE: (208) 345-8400**
**FACSIMILE: (208) 322-4486**

Attorneys for Plaintiff Douglas K. Ackley

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS K. ACKLEY,<br><br>          Plaintiff,<br><br>   v.<br><br>PORTFOLIO RECOVERY ASSOCIATES,<br>LLC, a Delaware Limited Liability Company,<br><br>        Defendant. | Case No. 1:10-cv-622<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

### I.   PARTIES

1.      Plaintiff Douglas K. Ackley ("Ackley") is a natural person who resides in the City

of Boise County of Ada, State of Idaho, and is a "consumer" as that term is defined by 15 U.S.C. §

1692a(3).

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 1**
0771.0002

2.      Defendant Portfolio Recovery Associates, LLC ("Portfolio Recovery") is a collection agency with a corporate address of 140 Corporate Blvd, Norfolk, Virginia and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## II.      JURISDICTION & VENUE

3.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

4.      This action arises out of Portfolio Recovery's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); in Portfolio Recovery's illegal attempt to collect a consumer debt from Ackley, and Portfolio Recovery's violation of the Idaho Consumer Protection Act, *Idaho Code* § 48-601 *et seq.*

5.      Venue is proper in this District because the acts and transactions occurred in Idaho, Ackley resides in Idaho, and Portfolio Recovery transacts business in Idaho in the form of debt buying and debt collection and Portfolio Recovery is licensed as a debt collector with the Idaho Department of Finance.

## III.      FACTUAL ALLEGATIONS

6.      In or before March 2006, Ackley, allegedly incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late and/or nonpayment, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a bill for credit card purchases on a line of credit from HSBC-Orchard made for personal consumption.

7.      Sometime on or around April 20, 2007, Ackley's alleged debt was consigned, placed or otherwise transferred to Portfolio Recovery for collection from Ackley, thereafter

Ackley started receiving collection communications from Portfolio Recovery in an attempt to collect this alleged debt.

8.      Sometime on or before December 28, 2009, Defendant Portfolio Recovery engaged Doolittle Law, Chartered ("Portfolio Recovery's Counsel") for the purpose of attempting to collect the alleged debt owed by Ackley.

9.      On or about December 28, 2009, Portfolio Recovery's Counsel, on behalf of Portfolio Recovery, filed a lawsuit against Ackley in the Magistrate's Division of the Fourth Judicial District of the State of Idaho, Ada County, Case No. CV OC 09-244411 ("Portfolio Recovery's Lawsuit") A true and correct copy of Portfolio Recovery's Complaint is attached hereto as **Exhibit "A."**

10.     The Complaint in Portfolio Recovery's Lawsuit alleged Ackley owed a principle sum of $1,664.41, along with interest accrued thereon in the amount of $809.10 (calculated at a rate of 12% per annum on the principle) for credit advances made to Ackley by HSBC-Orchard, and sought attorney fees in the amount of $500.00 if uncontested, or $200.00 per hour if contested.

11.     The Complaint in Portfolio Recovery's Lawsuit alleged that Portfolio Recovery was the owner/assignee of the Ackley's account.

12.     As a result of Portfolio Recovery's Lawsuit, Ackley was forced to retain legal counsel to defend him against the accusations made by the Portfolio Recovery against him in Portfolio Recovery's lawsuit, at Ackley's own cost.

13.     On February 5, 2010, through counsel, Ackley entered an Answer to Portfolio Recovery's Complaint and served Discovery in the form of Interrogatories, Requests for Production, and Requests for Admission.

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 3**
0771.0002

14.     Ackley's Interrogatories and Requests for Production sought production of any documents relevant to Portfolio Recovery's claim of ownership and/or assignment of Ackley's alleged debt from the original creditor.  Portfolio Recovery could not and did not provide the requested documentation.

15.     On May 26, 2010, via letter, Portfolio Recovery's counsel notified Ackley that Portfolio Recovery was unable to provide the documentation to proceed with Portfolio Recovery's lawsuit.  A true and correct copy of the May 26, 2010 letter from Portfolio Recovery's counsel is attached hereto as **Exhibit "B."**

16.     Enclosed with the May 26, 2010 letter was a signed Stipulation to Dismiss With Prejudice ("Stipulation to Dismiss"), drafted by Portfolio Recovery's counsel and executed by the same.  A true and correct copy of the Stipulation to Dismiss is attached hereto as **Exhibit "C."**

17.     The Stipulation to Dismiss stated, "The grounds for this Stipulation are that the Ackley has been unable to obtain documentation from the seller of the account and no longer wishes to pursue this matter."  See **Exhibit "C."**

18.     On May 27, 2008, the Stipulation to Dismiss, executed by both parties, was presented to the court.  On May 28, 2010, the court entered an Order dismissing the Portfolio Recovery's lawsuit with prejudice based upon the Stipulation to Dismiss.

19.     On June 11, 2010, Ackley filed a verified memorandum of fees and costs, seeking an award of attorney fees and costs from Portfolio Recovery accrued in defending against Portfolio Recovery's Lawsuit in the amount of $2,067.00 in attorney fees and $58.00 dollars in litigation costs.

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 4**
0771.0002

20.     Despite receiving a court order for fees and costs from the court, Ackley has not received any money from Portfolio Recovery for the attorney fees incurred by Ackley as a result of the baseless lawsuit filed against Ackley by Portfolio Recovery as of the date of this complaint.

21.     Ackley has therefore suffered actual damages by being forced to retain counsel to defend against Portfolio Recovery's Lawsuit which had been filed without the requisite evidence to prove its claim.

22.     Ackley has suffered actual damages as a result of this illegal collection communication by Portfolio Recovery in the form of anger, anxiety, emotional distress, frustration, upset, humiliation, embarrassment, amongst other negative emotions caused Portfolio Recovery's illegal attempt to collect an alleged debt by misrepresenting the legal status of the alleged debt and forcing Ackley to endure the emotional stress and anxiety associated with a lawsuit.

23.     Portfolio Recovery's illegal abusive collection communication described above was the direct and proximate cause of severe emotional distress on the part of the Ackley.

24.     The above-described collection attempts made by Portfolio Recovery violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(7)1692e(5), 1692e(10), and 1692f, amongst others.

25.     During their collection communications, Portfolio Recovery violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(7)1692e(5), 1692e(10), and 1692f, amongst others

26.     The above-detailed conduct by Portfolio Recovery of harassing Ackley in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 5**
0771.0002

but not limited to all of the above mentioned provisions of the FDCPA, which resulted in actual damages to Ackley.

## CAUSES OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

27.     Ackley incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The foregoing acts and omissions of each and every Portfolio Recovery and/or agents thereof constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to the Ackley.

29.     As a result of each and every Portfolio Recoverys' violations of the FDCPA, Ackley is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Portfolio Recovery.

### VIOLATIONS OF THE IDAHO CONSUMER PROTECTION ACT
### *Idaho Code* § 48-601 *et seq.*

30.     Ackley incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     The foregoing acts and omissions of each and every Portfolio Recovery and/or agents thereof constitute numerous and multiple violations of the Idaho Consumer Protection Act including, but not limited to, *Idaho Code* § 48-603(17) & (18).

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 6**
0771.0002

32.    As a result of each and every Portfolio Recoverys' violations of the Idaho Consumer Protection Act, Ackley is entitled to actual damages or $1,000.00,    whichever   is greater,  pursuant to *Idaho Code* § 48-608(1); and, reasonable attorney's fees and costs pursuant to *Idaho Code* § 48-603(5).

### PRAYER FOR RELIEF

**WHEREFORE**, Ackley prays that judgment be entered against each and every Defendant:

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

1.    For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) Portfolio Recovery;
2.    For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Portfolio Recovery;
3.    For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Portfolio Recovery;
4.   For such other and further relief as may be just and proper.

### VIOLATIONS OF THE IDAHO CONSUMER PROTECTION ACT
### *Idaho Code* § 48-601 *et seq.*

1.    For an award of actual damages or $1,000.00, whichever is greater, pursuant to *Idaho Code* § 48-608.
2.    For an award of attorney fees and costs pursuant to *Idaho Code* § 48-603(5).

### DEMAND FOR JURY TRIAL

1.    Ackley hereby demands a trial by jury on all issues pursuant to Fed.R.Civ.P. 38.

RESPECTFULLY SUBMITTED this _____ day of December, 2010.

BRADY LAW, CHARTERED

Oscar S. Klaas
**Attorneys for Plaintiff Douglas Ackley**

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 7**
0771.0002

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF IDAHO         )
                                 ) ss

COUNTY OF ADA         )

        Plaintiff Douglas K. Ackley having first been duly sworn and upon oath, deposes and says as follows:

        1.  I am a Plaintiff in this civil proceeding.

        2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

        3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

        4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

        5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

        6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

        7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

                                       _____
                                       Douglas K. Ackley

Subscribed and sworn to before me this 6 day of Dec. , 2010.

                                     _____
                                       Notary Public for State of Idaho
                                       Commission Expires: Nov. 2015

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 9**
0771.0002